M’Girk, C. J.,
delivered the opinion of the Court.
An action of debt was brought on a judgment rendered in the State of Kentucky, against Savage, the defendant. The defendant pleaded several pleas, on which issues were made and found against him. The third plea is, in substance, that the present plaintiffs were a firm in Kentucky, in Louisville, when they obtained the judgment .on which this action was brought. That Fellows, one of the firm, did, before the bringing of this action, assign over all the interest created by this judgment to Jolin Shackford, who was a copartner of the firm of Savage & Company, and that Savage and Shackford were jointly bound for the original debt on which this judgment was obtained, and prays judgment. This plea is demurred to, and the Court gave judg- . jaent for the defendant; to reverse which the cause is brought up. The question *399 made is, first, is the judgment assignable; and secondly, if not assignable at law, does the assignment in equity extinguish the debt, or have the effect of a payment and satisfaction of the judgment ? As to the first point, it is conceded that the judgment at law-was not assignable. The effect of an assignment of a chose in action, not assignable at law, is to authorize the assignee to receive the money. It is also a full warrant to sue in the name of the assignor. The cases cited by the defendant’s counsel, give no light on the question of this assignment to Shackford being an ex-tinguishment of the debt, but they all prove that, after assignment, the assignor cannot and shall not control the action brought in his name by the assignee. These cases are 1 J. R. 532; 2 John. Cases, 121; 1 Ross & Peel, 447; and notes 3 John R. 421. None of these cases prove the thing necessary to be proved. To make this plea good, the cases prove that the obligee of a bond cannot control or do any thing about it after assignment, but that the assignment is an authority to use his name. Here the action is well brought. Then there could be no extinguishment, for the judgment is still in force against Savage. The next thing is, did the assignment to Shackford merge the judgment? A member of a firm may lawfully buy rights on the firm, and the firm must answer to him those demands. When this judgment was rendered against Savage, it became his separate debt, and still remains his separate debt. It is true, Shackford may owe him on the partnership account, but if he does, if the partnership is ended, he might peihaps have pleaded this as a distinct demand, and offered to set it off; but on this we give no opinion.
The judgment is wrong, and ought to be and is reversed. And the Court, proceeding to do what the Court below should have done, give judgment for Fellows & Co'. Costs, &c.